# EXHIBIT A

Electronically Filed - Clay - July 26, 2019 - 06:00 AM

IN THE CIRCUIT COURT OF CLAY COUNTY MISSOURI

| | | |
|---|---|---|
| CATHY MARTIN,<br><br>Plaintiff,<br><br>vs.<br><br>FAVORITE HEALTHCARE STAFFING, INC.,<br>**Serve:**<br>**7255 W. 98th Terrace, Suite 150, Overland Park, KS 66212**<br><br>and<br><br>DEANA ODELL,<br>**Serve:**<br>**701 Saint Louis Ave, Excelsior Springs, MO 64024.**<br><br>Defendants. | ) | Case No.<br><br>**JURY TRIAL DEMANDED** |

**PETITION FOR DAMAGES**

Plaintiff Cathy Martin ("Plaintiff") for her Petition for Damages against Defendants Favorite Healthcare Staffing and Deana Odell ("Defendants") states and alleges as follows:

**PARTIES**

1. Plaintiff is an individual residing at 3801 NE 60th Street, Gladstone, MO 64119. Plaintiff is African American.

2. Defendant Favorite Healthcare is a Kansas for profit corporation, with its principal place of business and registered agent located at 7255 W. 98th Terrace, Suite 150, Overland Park, KS 66212. Defendant Favorite Healthcare is also

Electronically Filed - Clay - July 26, 2019 - 06:00 AM

registered to conduct business within the state of Missouri and conducts regular and ongoing business transactions with Excelsior Springs Jobs Corps Wellness Clinic, located in Missouri.

3. Defendant Odell, upon information and belief, resides in Excelsior Springs, Missouri and may be found at 701 Saint Louis Ave, Excelsior Springs, MO 64024. Defendant Odell is not an employee of Defendant Favorite Healthcare.

4. Defendant Favorite Healthcare is an employer under the Missouri Human Rights Act and other anti-discrimination laws.

**JURISDICTION AND VENUE**

5. Pursuant to Mo. Rev. Stat. Section 506.500, Defendant Favorite Healthcare is subject to specific jurisdiction because it engages in business transactions in Missouri and makes contracts within Missouri and the allegations contained herein arise from the business that it conducts within Missouri.

6. Pursuant to Mo. Const. Art. 5 Section 14 and Mo. Rev. Stat. Section 478.070, this Court has jurisdiction over the subject matter of this dispute because the claims arise from transactions and occurrences that took place in the State of Missouri.

7. Venue is proper in this Court pursuant to Mo. Rev. Stat. Section 508.010.4 because Plaintiff was first injured by the alleged tortious conduct in Clay County, Missouri.

Electronically Filed - Clay - July 26, 2019 - 06:00 AM

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights.

9. This action has been timely filed with this Court based on Plaintiff's receipt of her right-to-sue notices.

10. Plaintiff has exhausted all of her administrative remedies.

## BACKGROUND

11. Defendant Favorite Healthcare is a staffing agency that provides healthcare professionals with contract and travel assignments, as well as permanent placement across the nation.

12. On or about March 26, 2018, Defendant Favorite Healthcare placed Plaintiff at Excelsior Springs Jobs Corps Wellness Clinic ("Wellness Clinic") as a Registered Nurse ("RN").

13. On information and belief, Plaintiff was placed at Wellness Clinic to assist the Licensed Practical Nurses ("LPN") as they cannot practice health care independently and need a qualified healthcare professional on staff to assist.

14. On Plaintiff's first day at the Wellness Clinic, all of the Caucasian LPNs were reluctant to speak to Plaintiff and exhibited a laconic attitude. Topaz Gregor, another LPN who appeared to be bi-racial, engaged with Plaintiff, however.

Electronically Filed - Clay - July 26, 2019 - 06:00 AM

15. Despite the atmosphere, Plaintiff assisted in recording vital signs of patients and filing lab results and other documents in the medical records office on her first day at work.

16. Also during her first day at work, Plaintiff overheard Gregor talking to the other LPNS about how Plaintiff was more involved than the previous RN, who only sat in the medical records office. The other Caucasian LPNs agreed with Gregor in that the previous RN was never involved.

17. On information and belief, the *previous* RN referenced by the LPNs worked for Defendant Favorite Healthcare and is Caucasian.

18. On or about March 28, 2018, Plaintiff arrived at the Wellness Clinic at 7:00 am for her second day at work.

19. Gregor was not present that day, only the three Caucasian LPNs.

20. Plaintiff began her second day looking for the intake sheet to determine new patients while the LPNs engaged in their normal routines.

21. Once the LPNs were done, Defendant Odell, who was an LPN, talked with Plaintiff about placing clean linens next to the beds.

22. Defendant Odell then went on to make additional requests to Plaintiff in an obvious attempt to undermine Plaintiff's credentials as a RN.

23. Defendant Odell requested that Plaintiff take the vital signs of the patients.

Electronically Filed - Clay - July 26, 2019 - 06:00 AM

Plaintiff mentioned that there were already enough nurses working with the patients and Plaintiff felt that Plaintiff would be in the way, but asked if that is what usually occurs. Another LPN looked a Defendant Odell with an expression to suggest that Plaintiff was "back talking."

24. Defendant Odell then instructed Plaintiff to allow the medical records clerk to "teach" Plaintiff how to conduct a vision exam. Plaintiff has twenty (20) years of experience in assessing the healthcare needs of patients, coordinating treatment plans with physicians, administering medications and more. Plaintiff is also extensively trained in conducting vision exams.

25. Plaintiff nonetheless complied and observed the clerk conduct a vision exam and then Plaintiff took the vital signs of seven (7) different patients.

26. After Plaintiff finished taking the vital signs, she went into the medical records office. Within one (1) minute, Defendant Odell approached Plaintiff and said that security would escort Plaintiff out of the building, Plaintiff was being sent home, and Plaintiff's assignment ended.

27. Security came and escorted Plaintiff out of the building.

28. The clerk at the front of the building refused to sign Plaintiff's time card for the work she performed that day.

29. Being escorted out by security caused Plaintiff much emotional distress, and left her feeling embarrassed, humiliated, vulnerable, targeted, inferior, and

Electronically Filed - Clay - July 26, 2019 - 06:00 AM

disrespected among many other feelings and emotions.

30. Plantiff reported the discrimination to Human Resources Managers, Jackie and Trevor.

31. Plaintiff specifically explained to Trevor that Plaintiff was escorted out by security because she is a Black woman. Plaintiff further explained that the previous RN assigned to the Wellness Clinic, who is Caucasian, was not escorted out by security even though her assignment ended due to performance issues.

32. Manager Trevor explained that he did not want to go into depth, and Plaintiff stated that what happened to her was "not right." She stated again, "that's not right." Trevor explained that he would speak with representatives at the Wellness Clinic and respond to Plaintiff.

33. Manager Trevor responded to Plaintiff days later and terminated her.

34. Plaintiff's emotional distress caused by being escorted out was exacerbated by Defendant Favorite Healthcare terminating her and failing to remedy the racial discrimination.

35. On information and belief, non African American health care professionals were not escorted out by security for asking questions or for engaging in conduct similar to Plaintiff's conduct.

36. On information and belief, non African American employees were not terminated

Electronically Filed - Clay - July 26, 2019 - 06:00 AM

by Defendant Favorite Healthcare after being subjected to racial discrimiantion and humiliation or after their assignment ended at the Wellness clinic.

37. On information and belief, Defendant Favorite Healthcare failed to properly investigate the discrimination, remedy the discrimination or prevent the discrimination.

38. Defendant Favorite Healthcare aided and abetted Defendant Odell and the Wellness Clinic in their racial animosity toward African Americans by terminating Plaintiff.

39. On information and belief, Defendant Favorite Healthcare did not terminate the Caucasian RN who Plaintiff replaced, even though the prior RN performed less work and was less qualified than Plaintiff.

**COUNT I AGAINST DEFENDANT FAVORITE HEALTHCARE**
**RACE DISCRIMINATION IN VIOLATION OF**
**THE MISSOURI HUMAN RIGHTS ACT**

40. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

41. Defendant is an employer under the Missouri Human Rights Act ("MHRA").

42. Defendant discriminated against Plaintiff in violation of the MHRA when it terminated her and otherwise violated her rights under the MHRA.

43. Plaintiff's race was all or part of the reason for Defendant's discrimination.

Electronically Filed - Clay - July 26, 2019 - 06:00 AM

44. Defendant's actions against Plaintiff were outrageous because Defendant had an evil motive and/or reckless indifference to the rights of others.

45. As a direct and proximate result of Defendant's discrimination, Plaintiff has and will continue to suffer from emotional distress, lost wages, including front and back pay and other benefits, reasonable attorneys' fees and costs necessary for litigation.

WHEREFORE, Plaintiff Cathy Martin requests that this Court enter judgment in her favor and against Defendant Favorite Healthcare Staffing Inc. and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses and such other and further relief as just and proper.

**COUNT II AGAINST DEFENDANT FAVORITE HEALTHCARE**
**RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

46. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

47. At all times relevant, Plaintiff maintained a contractual relationship with Defendant Favorite Healthcare under 42 U.S.C. § 1981.

48. Defendant Favorite Healthcare discriminated against Plaintiff in violation of 42 U.S.C. § 1981.

49. Plaintiff's race was all or part of the reason for the discriminatory treatment by Defendant Favorite Healthcare.

Electronically Filed - Clay - July 26, 2019 - 06:00 AM

50. Defendant Favorite Healthcare's actions against Plaintiff were taken with malice or with reckless indifference to Plaintiff's rights.

51. As a direct and proximate result of Defendant Favorite Healthcare's discrimination, Plaintiff has and will continue to suffer from emotional distress and other non-pecuniary damages, lost wages, including front and back pay and other benefits, reasonable attorneys' fees and costs necessary for litigation.

WHEREFORE, Plaintiff Cathy Martin requests that this Court enter judgment in her favor and against Defendant Favorite Healthcare Staffing Inc. and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses and such other and further relief as just and proper.

**COUNT III AGAINST DEFENDANT FAVORITE HEALTHCARE**
**RETALIATION IN VIOLATION OF 42 U.S.C. § 1981**

52. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

53. Plaintiff engaged in protected activity when she complained of race discrimination.

54. Defendant Favorite Healthcare took adverse employment action against Plaintiff in violation of 42 U.S.C. § 1981.

55. Plaintiff's complaints relating to race was all or part of the reason for Defendant Favorite Healthcare's adverse employment action and discriminatory treatment

Electronically Filed - Clay - July 26, 2019 - 06:00 AM

against her.

56. Defendant Favorite Healthcare's actions against Plaintiff were outrageous because Defendant had an evil motive and/or reckless indifference to the rights of others.

57. As a direct and proximate result of Defendant Favorite Healthcare's retaliation, Plaintiff has and will continue to suffer from emotional distress and other non-pecuniary damages, lost wages, including front and back pay and other benefits, reasonable attorneys' fees and costs necessary for litigation.

WHEREFORE, Plaintiff Cathy Martin requests that this Court enter judgment in her favor and against Defendant Favorite Healthcare Staffing Inc. and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses and such other and further relief as just and proper.

**COUNT IV AGAINST DEFENDANT ODELL**
**TORTIOUS INTERFERENCE**

58. Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

59. Plaintiff had a business relationship and valid business expectancy with Defendant Favorite Healthcare.

60. Plaintiff successfully worked with Defendant Favorite Healthcare on more than twenty (20) assignments and reasonably expected to work many more assignments after the Wellness Clinic.

Electronically Filed - Clay - July 26, 2019 - 06:00 AM

61. Defendant Odell had actual knowledge of the business relationship between Defendant Favorite Healthcare and Plaintiff and the future job placement of Plaintiff by Defendant Favorite Healthcare because Plaintiff was placed at the Wellness Clinic by Defendant Favorite Healthcare on a temporary basis. Defendant Odell also knew facts under the circumstances that would lead a reasonable person to know of the business relationship and future job placement such as having worked with another RN temporarily placed by Defendant Favorite Healthcare and then working with Plaintiff. Defendant Odell also had knowledge of the business relationship and expectancy of future placement because Defendant Favorite Healthcare is a staffing agency that routinely assigns health professionals to work at jobs similar to the Wellness Clinic. Last, Plaintiff wore a name badge bearing Defendant Favorite's name and introduced herself to Defendant Odell as being assigned by Defendant Favorite when she arrived at the Wellness Clinic.

62. Defendant Odell intentionally interfered with Plaintiff's business relationship with Defendant Favorite Healthcare and her business expectancy when she refused to work with Plaintiff because of Plaintiff's race (African American) and when she had Plaintiff escorted out of the building by security and ended her job assignment.

63. Defendant Odell's intentional interference lacked justification because she interfered based on Plaintiff's race (African American), which is an improper means. Defendant Odell had no legal right to use Plaintiff's race as a means to

Electronically Filed - Clay - July 26, 2019 - 06:00 AM

end Plaintiff's job assignment or to have Plaintiff escorted out by security. Defendant Odell further had no legal right to cause Plaintiff to be terminated based on Plaintiff's race.

64. As a direct and proximate result of tortious interference on behalf of Defendant Odell, Plaintiff has and will continue to suffer from emotional distress and other emotional issues, lost wages, including front and back pay and other benefits, and reasonable attorneys' fees and costs necessary for litigation.

WHEREFORE, Plaintiff Cathy Martin requests that this Court enter judgment in her favor and against Defendant Deana Odell and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses and such other and further relief as just and proper.

Dated: July 26, 2019

By: */s/Henry W. Tanner. Jr.*

Henry W. Tanner Jr. (66277)
The Law Firm of Henry Tanner LLC
1432 E. 49th Terrace,
Kansas City, Missouri 64110
Telephone: 816.547.2162
Email: henry@htannerlaw.com

Attorney for Plaintiff