## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **CATHY MARTIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-00684-BP |
| | ) | |
| **FAVORITE HEALTHCARE** | ) | |
| **STAFFING, INC. and** | ) | |
| **DEANA ODELL,** | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO PETITION FOR DAMAGES

Defendant Favorite Healthcare Staffing, Inc. ("Defendant"), by and through its attorneys, Littler Mendelson, P.C., hereby answers the Petition of Plaintiff Cathy Martin ("Plaintiff") as follows:

## PARTIES

1.      Plaintiff is an individual residing at 3801 NE 60th Street, Gladstone, MO 64119. Plaintiff is African American.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore, denies the same.**

2.      Defendant Favorite Healthcare is a Kansas for profit corporation, with its principal place of business and registered agent located at 7255 W. 98th Terrace, Suite 150, Overland Park, KS 66212. Defendant Favorite Healthcare is also registered to conduct business within the state of Missouri and conducts regular and ongoing business transactions with Excelsior Springs Jobs Corps Wellness Clinic, located in Missouri.

**ANSWER:    Admitted.**

3.    Defendant Odell, upon information and belief, resides in Excelsior Springs, Missouri and may be found at 701 Saint Louis Ave, Excelsior Springs, MO 64024. Defendant Odell is not an employee of Defendant Favorite Healthcare.

**ANSWER:    Paragraph 3 contains allegations directed at Defendant O'Dell and therefore, no response is required from Defendant Favorite Healthcare. To the extent a response is required, Defendant admits Defendant O'Dell is/was not an employee of Favorite Healthcare. Further answering, Defendant admits upon information and belief that Defendant O'Dell resides in Excelsior Springs, Missouri. Defendant denies any and all remaining allegations.**

4.    Defendant Favorite Healthcare is an employer under the Missouri Human Rights Act and other anti-discrimination laws.

**ANSWER:    Defendant admits it is an employer as defined under the Missouri Human Rights Act and certain other anti-discrimination laws, but denies it violated the Act or any other laws as alleged by Plaintiff.**

## JURISDICTION AND VENUE

5.    Pursuant to Mo. Rev. Stat. Section 506.500, Defendant Favorite Healthcare is subject to specific jurisdiction because it engages in business transactions in Missouri and makes contracts within Missouri and the allegations contained herein arise from the business that it conducts within Missouri.

2

**ANSWER:    Denied.**

6.      Pursuant to Mo. Const. Art. 5 Section 14 and Mo. Rev. Stat. Section 478.070, this Court has jurisdiction over the subject matter of this dispute because the claims arise from transactions and occurrences that took place in the State of Missouri.

**ANSWER:    Denied.**

7.      Venue is proper in this Court pursuant to Mo. Rev. Stat. Section 508.010.4 because Plaintiff was first injured by the alleged tortious conduct in Clay County, Missouri.

**ANSWER:    Denied.**

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8.      Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights.

**ANSWER:    Defendant admits Plaintiff filed a charge of discrimination and that the charge of discrimination speaks for itself. Defendant denies any and all remaining allegations.**

9.      This action has been timely filed with this Court based on Plaintiff's receipt of her right-to-sue notices.

**ANSWER:    Defendant admits Plaintiff filed this action on July 26, 2019. Defendant denies any and all remaining allegations.**

10.      Plaintiff has exhausted all of her administrative remedies.

**ANSWER:    Paragraph 10 contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 10.**

3

## BACKGROUND

11.     Defendant Favorite Healthcare is a staffing agency that provides healthcare professionals with contract and travel assignments, as well as permanent placement across the nation.

**ANSWER:     Defendant admits it is a staffing agency that places nurses and other healthcare professionals in various healthcare settings. Defendant denies any and all remaining allegations.**

12.     On or about March 26, 2018, Defendant Favorite Healthcare placed Plaintiff at Excelsior Springs Jobs Corps Wellness Clinic ('Wellness Clinic") as a Registered Nurse ("RN").

**ANSWER:     Defendant admits that on March 26, 2018, it placed Plaintiff at Excelsior Springs Job Corps as a Registered Nurse. Defendant denies any and all remaining allegations.**

13.     On information and belief, Plaintiff was placed at Wellness Clinic to assist the Licensed Practical Nurses ("LPN") as they cannot practice health care independently and need a qualified healthcare professional on staff to assist.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore, denies the same.**

14.     On Plaintiff's first day at the Wellness Clinic, all of the Caucasian LPNs were reluctant to speak to Plaintiff and exhibited a laconic attitude. Topaz Gregor, another LPN who appeared to be bi-racial, engaged with Plaintiff, however.

4

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore, denies the same.

15.     Despite the atmosphere, Plaintiff assisted in recording vital signs of patients and filing lab results and other documents in the medical records office on her first day at work.

**ANSWER:** Defendant admits upon information and belief that on her first day at Excelsior Springs Job Corps, Plaintiff assisted with filing and seeing patients. Defendant denies any and all remaining allegations.

16.     Also during her first day at work, Plaintiff overheard Gregor talking to the other LPNS about how Plaintiff was more involved than the previous RN, who only sat in the medical records office. The other Caucasian LPNs agreed with Gregor in that the previous RN was never involved.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore, denies the same.

17.     On information and belief, the previous RN referenced by the LPNs worked for Defendant Favorite Healthcare and is Caucasian.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore, denies the same.

18.     On or about March 28, 2018, Plaintiff arrived at the Wellness Clinic at 7:00 am for her second day at work.

**ANSWER:** Admitted upon information and belief.

19.     Gregor was not present that day, only the three Caucasian LPNs.

5

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore, denies the same.**

20.     Plaintiff began her second day looking for the intake sheet to determine new patients while the LPNs engaged in their normal routines.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore, denies the same.**

21.     Once the LPNs were done, Defendant Odell, who was an LPN, talked with Plaintiff about placing clean linens next to the beds.

**ANSWER:** **Paragraph 21 contains allegations directed at Defendant O'Dell and not Defendant, and therefore, no response is required from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 21 for lack of knowledge or information.**

22.     Defendant Odell then went on to make additional requests to Plaintiff in an obvious attempt to undermine Plaintiff's credentials as a RN.

**ANSWER:** **Paragraph 22 contains allegations directed at Defendant O'Dell and not Defendant, and therefore, no response is required from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 22 for lack of knowledge or information.**

23.     Defendant Odell requested that Plaintiff take the vital signs of the patients.  Plaintiff mentioned that there were already enough nurses working with the patients and Plaintiff felt that Plaintiff would be in the way, but asked if that is what usually occurs. Another LPN looked a Defendant Odell with an expression to suggest that Plaintiff was "back talking."

6

**ANSWER:** Paragraph 23 contains allegations directed at Defendant O'Dell and not Defendant, and therefore, no response is required from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 23 for lack of knowledge or information.

24. Defendant Odell then instructed Plaintiff to allow the medical records clerk to "teach" Plaintiff how to conduct a vision exam. Plaintiff has twenty (20) years of experience in assessing the healthcare needs of patients, coordinating treatment plans with physicians, administering medications and more. Plaintiff is also extensively trained in conducting vision exams.

**ANSWER:** Paragraph 24 contains allegations directed at Defendant O'Dell and not Defendant, and therefore, no response is required from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 24 for lack of knowledge or information.

25. Plaintiff nonetheless complied and observed the clerk conduct a vision exam and then Plaintiff took the vital signs of seven (7) different patients.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore, denies the same.

26. After Plaintiff finished taking the vital signs, she went into the medical records office. Within one (1) minute, Defendant Odell approached Plaintiff and said that security would escort Plaintiff out of the building, Plaintiff was being sent home, and Plaintiff's assignment ended.

7

**ANSWER: Defendant admits Plaintiff was escorted off the premises and her assignment with Excelsior Springs Job Corps ended. Defendant denies any and all remaining allegations.**

27.     Security came and escorted Plaintiff out of the building.

**ANSWER:     Admitted upon information and belief.**

28.     The clerk at the front of the building refused to sign Plaintiff's time card for the work she performed that day.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore, denies the same.**

29.     Being escorted out by security caused Plaintiff much emotional distress, and left her feeling embarrassed, humiliated, vulnerable, targeted, inferior, and disrespected among many other feelings and emotions.

**ANSWER:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore, denies the same.**

30.     Plaintiff reported the discrimination to Human Resources Managers, Jackie and Trevor.

**ANSWER:     Denied.**

31.     Plaintiff specifically explained to Trevor that Plaintiff was escorted out by security because she is a Black woman. Plaintiff further explained that the previous RN assigned to the Wellness Clinic, who is Caucasian, was not escorted out by security even though her assignment ended due to performance issues.

8

**ANSWER:    Denied.**

32.    Manager Trevor explained that he did not want to go into depth, and Plaintiff stated that what happened to her was "not right." She stated again, "that's not right." Trevor explained that he would speak with representatives at the Wellness Clinic and respond to Plaintiff.

**ANSWER:    Denied.**

33.    Manager Trevor responded to Plaintiff days later and terminated her.

**ANSWER:    Admitted Trevor Burns contacted Plaintiff on April 3, 2018 and notified Plaintiff about the termination of her employment. Defendant denies any and all remaining allegations.**

34.    Plaintiff's emotional distress caused by being escorted out was exacerbated by Defendant Favorite Healthcare terminating her and failing to remedy the racial discrimination.

**ANSWER:    Denied.**

35.    On information and belief, non African American health care professionals were not escorted out by security for asking questions or for engaging in conduct similar to Plaintiff's conduct.

**ANSWER:    Defendant is without knowledge or information sufficient to identify the individuals referenced in Paragraph 35. As such, Defendant is without knowledge or information sufficient to for a belief as to the truth of the allegations in Paragraph 35 and therefore, denies the same.**

36.    On information and belief, non African American employees were not terminated by Defendant Favorite Healthcare after being subjected to racial discrimination and humiliation or after their assignment ended at the Wellness clinic.

9

**ANSWER:** Defendant is without knowledge or information sufficient to identify the individuals referenced in Paragraph 36. As such, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore, denies the same.

37.     On information and belief, Defendant Favorite Healthcare failed to properly investigate the discrimination, remedy the discrimination or prevent the discrimination.

**ANSWER:     Denied.**

38.     Defendant Favorite Healthcare aided and abetted Defendant Odell and the Wellness Clinic in their racial animosity toward African Americans by terminating Plaintiff.

**ANSWER:     Denied.**

39.     On information and belief, Defendant Favorite Healthcare did not terminate the Caucasian RN who Plaintiff replaced, even though the prior RN performed less work and was less qualified than Plaintiff.

**ANSWER:** Defendant is without knowledge or information sufficient to identify the individual referenced in Paragraph 39. As such, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore, denies the same.

**COUNT I AGAINST DEFENDANT FAVORITE HEALTHCARE**
**RACE DISCRIMINATION IN VIOLATION OF**
**THE MISSOURI HUMAN RIGHTS ACT**

40.     Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

**ANSWER:**     Defendant incorporates its responses to Paragraphs 1 through 39 as if fully restated herein.

41.     Defendant is an employer under the Missouri Human Rights Act ("MHRA").

**ANSWER:**     **Defendant admits it is an employer as defined under the Missouri Human Rights Act, but denies it violated the Act as alleged by Plaintiff.**

42.     Defendant discriminated against Plaintiff in violation of the MHRA when it terminated her and otherwise violated her rights under the MHRA.

**ANSWER:     Denied.**

43.     Plaintiff's race was all or part of the reason for Defendant's discrimination.

**ANSWER:     Denied.**

44.     Defendant's actions against Plaintiff were outrageous because Defendant had an evil motive and/or reckless indifference to the rights of others.

**ANSWER:     Denied.**

45.     As a direct and proximate result of Defendant's discrimination, Plaintiff has and will continue to suffer from emotional distress, lost wages, including front and back pay and other benefits, reasonable attorneys' fees and costs necessary for litigation.

**ANSWER:     Denied.**

WHEREFORE, Plaintiff Cathy Martin requests that this Court enter judgment in her favor and against Defendant Favorite Healthcare Staffing Inc. and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses and such other and further relief as just and proper.

11

**ANSWER:** **Defendant denies Plaintiff is entitled to the relief requested in the Wherefore Paragraph of Count I.**

## COUNT II AGAINST DEFENDANT FAVORITE HEALTHCARE
## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

46.     Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

**ANSWER:** **Defendant incorporates its responses to Paragraphs 1 through 45 as if fully restated herein.**

47.     At all times relevant, Plaintiff maintained a contractual relationship with Defendant Favorite Healthcare under 42 U.S.C. § 1981.

**ANSWER:** **Paragraph 47 states legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 47.**

48.     Defendant Favorite Healthcare discriminated against Plaintiff in violation of 42 U.S.C. § 1981.

**ANSWER:** **Denied.**

49.     Plaintiff's race was all or part of the reason for the discriminatory treatment by Defendant Favorite Healthcare.

**ANSWER:** **Denied**.

50.     Defendant Favorite Healthcare's actions against Plaintiff were taken with malice or with reckless indifference to Plaintiff's rights.

**ANSWER:** **Denied.**

51.     As a direct and proximate result of Defendant Favorite Healthcare's discrimination, Plaintiff has and will continue to suffer from emotional distress and other non-pecuniary damages,

12

lost wages, including front and back pay and other benefits, reasonable attorneys' fees and costs necessary for litigation.

**ANSWER:   Denied.**

WHEREFORE, Plaintiff Cathy Martin requests that this Court enter judgment in her favor and against Defendant Favorite Healthcare Staffing Inc. and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses and such other and further relief as just and proper.

**ANSWER:   Defendant denies Plaintiff is entitled to the relief requested in the Wherefore Paragraph of Count II.**

### COUNT III AGAINST DEFENDANT FAVORITE HEALTHCARE RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

52.   Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

**ANSWER:   Defendant incorporates its responses to Paragraphs 1 through 51 as if fully restated herein.**

53.   Plaintiff engaged in protected activity when she complained of race discrimination.

**ANSWER:   Defendant denies Plaintiff engaged in protected activity. Defendant denies any and all remaining allegations.**

54.   Defendant Favorite Healthcare took adverse employment action against Plaintiff in violation of 42 U.S.C. § 1981.

**ANSWER:   Denied.**

55.   Plaintiff's complaints relating to race was all or part of the reason for Defendant Favorite Healthcare's adverse employment action and discriminatory treatment against her.

13

**ANSWER:    Denied.**

56.    Defendant Favorite Healthcare's actions against Plaintiff were outrageous because Defendant had an evil motive and/or reckless indifference to the rights of others.

**ANSWER:    Denied.**

57.    As a direct and proximate result of Defendant Favorite Healthcare's retaliation, Plaintiff has and will continue to suffer from emotional distress and other non-pecuniary damages, lost wages, including front and back pay and other benefits, reasonable attorneys' fees and costs necessary for litigation.

**ANSWER:    Denied.**

WHEREFORE, Plaintiff Cathy Martin requests that this Court enter judgment in her favor and against Defendant Favorite Healthcare Staffing Inc. and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses and such other and further relief as just and proper.

**ANSWER:    Defendant denies Plaintiff is entitled to the relief requested in the Wherefore Paragraph of Count III.**

**COUNT IV AGAINST DEFENDANT ODELL**
**TORTIOUS INTERFERENCE**

58.    Plaintiff hereby incorporates by reference as if fully stated herein the allegations contained in the foregoing paragraphs.

**ANSWER:    Defendant incorporates its responses to Paragraphs 1 through 57 as if fully restated herein.**

59.    Plaintiff had a business relationship and valid business expectancy with Defendant Favorite Healthcare.

14

**ANSWER: Count IV is directed at Defendant O'Dell and not Defendant, and therefore, no response is required from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 59.**

60. Plaintiff successfully worked with Defendant Favorite Healthcare on more than twenty (20) assignments and reasonably expected to work many more assignments after the Wellness Clinic.

**ANSWER: Count IV is directed at Defendant O'Dell and not Defendant, and therefore, no response is required from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 60.**

61. Defendant Odell had actual knowledge of the business relationship between Defendant Favorite Healthcare and Plaintiff and the future job placement of Plaintiff by Defendant Favorite Healthcare because Plaintiff was placed at the Wellness Clinic by Defendant Favorite Healthcare on a temporary basis. Defendant Odell also knew facts under the circumstances that would lead a reasonable person to know of the business relationship and future job placement such as having worked with another RN temporarily placed by Defendant Favorite Healthcare and then working with Plaintiff. Defendant Odell also had knowledge of the business relationship and expectancy of future placement because Defendant Favorite Healthcare is a staffing agency that routinely assigns health professionals to work at jobs similar to the Wellness Clinic. Last, Plaintiff wore a name badge bearing Defendant Favorite's name and introduced herself to Defendant Odell as being assigned by Defendant Favorite when she arrived at the Wellness Clinic.

**ANSWER:** Count IV is directed at Defendant O'Dell and not Defendant, and therefore, no response is required from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 61 for lack of knowledge or information.

62.     Defendant Odell intentionally interfered with Plaintiff's business relationship with Defendant Favorite Healthcare and her business expectancy when she refused to work with Plaintiff because of Plaintiff's race (African American) and when she had Plaintiff escorted out of the building by security and ended her job assignment.

**ANSWER:** Count IV is directed at Defendant O'Dell and not Defendant, and therefore, no response is required from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 62

63.     Defendant Odell's intentional interference lacked justification because she interfered based on Plaintiff's race (African American), which is an improper means. Defendant Odell had no legal right to use Plaintiff's race as a means to end Plaintiff's job assignment or to have Plaintiff escorted out by security. Defendant Odell further had no legal right to cause Plaintiff to be terminated based on Plaintiff's race.

**ANSWER:** Count IV is directed at Defendant O'Dell and not Defendant, and therefore, no response is required from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 63.

64.     As a direct and proximate result of tortious interference on behalf of Defendant Odell, Plaintiff has and will continue to suffer from emotional distress and other emotional issues, lost wages, including front and back pay and other benefits, and reasonable attorneys' fees and costs necessary for litigation.

16

**ANSWER:** Count IV is directed at Defendant O'Dell and not Defendant, and therefore, no response is required from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 64.

WHEREFORE, Plaintiff Cathy Martin requests that this Court enter judgment in her favor and against Defendant Deana Odell and award Plaintiff damages as proven at trial, including punitive damages, attorneys' fees and related litigation and enforcement expenses and such other and further relief as just and proper.

**ANSWER:** Count IV is directed at Defendant O'Dell and not Defendant, and therefore, no response is required from Defendant. To the extent a response is required, Defendant denies Plaintiff is entitled to the relief requested in the Wherefore Paragraph of Count IV.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendant denies each and every allegation not specifically admitted herein.

2. Plaintiff's claims are barred in whole or in part for failure to exhaust her administrative remedies as to her claims under the Missouri Human Rights Act.

3. Plaintiff's Petition fails in whole or in part to state a claim upon which relief can be granted and fails to state facts sufficient to constitute a claim on which relief can be granted against Defendant such that the same should be dismissed at Plaintiff's costs.

4. Defendant denies that it engaged in any wrongful conduct and deny that Plaintiff is entitled to any legal or equitable relief.

5. Plaintiff's common law claims are barred to the extent the MHRA provides the full remedies available to Plaintiff.

17

6.      The actions about which the Plaintiff complains were based on reasonable factors other than characteristics protected by applicable law. Specifically, Defendant did not make employment decisions based on Plaintiff's race, color, or alleged protected activity.

7.      Plaintiff's claims are barred to the extent Plaintiff has failed to mitigate damages allegedly sustained as a result of conduct by Defendant. In the alternative, Defendant is entitled to an offset in the amount of Plaintiff's mitigation.

8.      Plaintiff's claims are barred to the extent they are the subject of any bankruptcy proceedings or adjudications.

9.      Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation or timeliness provisions.

10.     Plaintiff's claims fail to the extent she has failed, in whole or in part, to satisfy all statutory and/or constitutional prerequisites to bringing and/or sustaining her claims.

11.     Any and all actions taken by Defendant with regard to Plaintiff were taken in the good faith exercise of reasonable business judgment and were based on legitimate business reasons unrelated to Plaintiff's race, color, or any alleged protected activity, and were made in good faith and compliance with all applicable laws.

12.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered, and will not suffer, irreparable harm as a result of any of the alleged conduct and/or omissions of Defendant, and/or no injury suffered by Plaintiff was foreseeable.

13.     Plaintiff's claims for damages are barred, in whole or in part, to the extent her own conduct or the conduct of others contributed to her damages, if any.

14.     Upon information and belief, Plaintiff's claims are barred in whole or in part by the doctrines of waiver, unclean hands, and /or estoppel.

18

15.     Plaintiff's claims fail to the extent the alleged conduct upon which her claims are premised, were not intended to and did not cause her any harm.

16.     Plaintiff's claims for punitive damages are contrary to the law and constitutional provisions and any award of punitive damages against Defendant would violate Defendant's rights, including but not limited to its Due Process rights under the Missouri and/or United States Constitutions.

17.     Defendant made good faith efforts to comply with all applicable laws.  Thus, Plaintiff is not entitled to an award of punitive damages against them.

18.     Defendant did not act with malice or in reckless disregard or conscious disregard of Plaintiff's rights.  Thus, she is not entitled to an award of punitive damages.

19.     Plaintiff's claims are limited by the amendments to the Missouri Human Rights Act effective August 28, 2017.

20.     Plaintiff's injuries and/or damages, if any – which damages Defendant specifically denies – were the direct and proximate result of Plaintiff's own actions/inactions and/or the actions/inactions of third parties over whom Defendant had no control such that the principles of comparative and/or contributory fault and/or negligence should apply to deny or diminish any recovery by Plaintiff against Defendant.

21.     Defendant reserves the right to assert additional defenses and affirmative defenses.

22.     Defendant hereby incorporates as if fully set forth herein each and every Affirmative Defense raised by any other Defendant to Plaintiff's Petition to the extent the defenses are not contrary to the defenses raised herein by Defendant and do not implicate Defendant.

19

WHEREFORE, Defendant respectfully requests the Court dismiss Plaintiff's Petition, enter judgment for Defendant and against Plaintiff on each count, and award Defendant its costs, reasonable attorneys' fees, expenses and other relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Robert J. Rojas*

Jeannie DeVeney, #46885
Robert Rojas, #65144
LITTLER MENDELSON, P.C.
1201 Walnut, Suite 1450
Kansas City, MO 64106
Telephone: 816.627.4400
Facsimile: 816.627.4444
jdeveney@littler.com
rrojas@littler.com

ATTORNEYS FOR DEFENDANT,
FAVORITE HEALTHCARE STAFFING,
INC.

20

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of September, 2019, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will notify counsel of record:

Henry W. Tanner, Jr.
The Law Firm of Henry Tanner, LLC
1432 East 49th Terrace
Kansas City, Missouri 64110
Telephone: 816.547.2162
henry@htannerlaw.com

ATTORNEYS FOR PLAINTIFF

and further certify that I have mailed by U.S. Mail, postage prepaid, to:

Deana O'Dell
1216 Saint Louis Avenue
Excelsior Springs, MO 64024

*/s/ Robert J. Rojas*
Attorney for Defendant